IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BADGER CAPITAL, LLC; S. BRADLEY DANIELS;
JAY and KAREN GARNETT; GWE HOLDINGS, LLC;
TERRY HARPER; LR HOLDINGS, LLC; DAVID MIX;
POWELL PROPERTIES, LLC; JAMES RENNER;
SCOTT SMITH; ARTHUR STARR; and
JAMES and LAURA STILWELL                                              PLAINTIFFS

       v.            Civil No. 08-5141

CHAMBERS BANK OF NORTH ARKANSAS;
JOHN RUSSELL MEEKS, Individually and as
Agent for CHAMBERS BANK OF NORTH ARKANSAS
and as Agent for NORTHARK HOLDINGS, LLC;
JOHN DOE I, Individually and as Agent for
CHAMBERS BANK OF NORTH ARKANSAS;
JOHN DOE II, Individually and as Agent for
CHAMBERS BANK OF NORTH ARKANSAS;
GROWTH GROUP, LLC -- FLORIDA;
GROWTH GROUP, LLC -- ARKANSAS;
EDWARD DAVIS, RICK HANCOCK, MORGAN HOOKER,
and MITCHELL MASSEY, each Individually and
as Agents for GROWTH GROUP, LLC -- FLORIDA
and GROWTH GROUP, LLC -- ARKANSAS;
GROWTH VENTURES, LLC;
MITCHELL MASSEY and DIRK VAN VEEN, each
Individually and as Agents for GROWTH VENTURES, LLC;
HERITAGE COAST PROPERTIES, LLC;
BRUCE MILLENDER, Individually and as Agent for
HERITAGE COAST PROPERTIES, LLC;
STRATEGIC BUILDERS, LLC;
MORGAN HOOKER, MITCHELL MASSEY and RICK HANCOCK,
Individually and as Agents for STRATEGIC BUILDERS, LLC;
WATERING PLACE, LLC;
J.Y. MASSEY, Individually and as Agent
for WATERING PLACE, LLC;
ZON HOLDINGS, LLC;
DIRK VAN VEEN, Individually and as Agent
for ZON HOLDINGS, LLC                                                 DEFENDANTS

**O R D E R**

    Now on this 26th day of February, 2009, come on for

consideration the following motions:

* **Motion To Dismiss** of Chambers Bank of North Arkansas and Chambers Bancshares, Inc. (document #25);

* **Northark Holdings, LLC Motion To Dismiss Plaintiffs' Complaint** (document #36);

* **Separate Defendants Heritage Coast Properties, L.L.C.'s And Bruce Millender's Motion To Dismiss** (document #67); and

* **Motion To Dismiss Separate Defendants J.Y. Massey And Watering Place, LLC** (document #74),

and from said motions, and the responses thereto, the Court finds and orders as follows;

1. Plaintiffs brought suit pursuant to **15 U.S.C. §78j**, alleging that they were defrauded by defendants in connection with investment in Eastpoint Redevelopment LLC ("Eastpoint Redevelopment"), a land development scheme to build townhomes in Franklin County, Florida. They also assert state law claims for securities fraud, fraudulent concealment, civil conspiracy, breach of fiduciary duty, common law fraud, conversion, and usury.

In their complaint, plaintiffs also:

* seek to pierce the corporate veils of defendants Growth Group -- Florida, LLC; Growth Group -- Arkansas, LLC; Growth Ventures, LLC; Massey Holdings, LLC; Strategic Builders, LLC; Zon Holdings; and Heritage Coast Properties, LLC;

* pray for an accounting from all defendants;

-2-

*   seek inspection of the corporate books and records of Eastpoint Redevelopment;

*   ask for equitable subordination; and

*   pray for compensatory and punitive damages, costs and attorney's fees.

2.  Chambers Bancshares, Inc. ("Chambers Bancshares") and Chambers Bank of North Arkansas ("Chambers Bank") move to dismiss the claims against them.

In response, plaintiffs stipulated that their complaint against Chambers Bancshares should be dismissed without prejudice, as should their usury claim against Chambers Bank. Based on that stipulation, the Court dismissed plaintiffs' claims against Chambers Bancshares and the usury claim against Chambers Bank by Order dated July 18, 2008.  Accordingly, to the extent the pending motion addresses these claims, it is moot.

Chambers Bank contends that plaintiffs' claim for equitable subordination should be dismissed -- on the theory that equitable subordination is a power given specifically and only to bankruptcy courts under **11 U.S.C. §510(c)**.

In response, plaintiffs argue that federal courts have equity powers to fashion appropriate relief, and that the codification of this remedy in the Bankruptcy Code does not change the fact that it is an ancient common law remedy.

The Court agrees with plaintiffs that the remedy of equitable

subrogation is not limited to bankruptcy proceedings. See **In re Papercraft Corp.**, **211 B.R. 813, 822 (W.D. Pa. 1997)**. The Court need not examine the allegations of the Complaint to determine whether they state a sufficient claim for the remedy, because Chambers Bank does not base its motion on the sufficiency of the factual allegations but, rather, only on the purported lack of a legal basis to grant the remedy.  The Motion To Dismiss Chambers Bank as to plaintiffs' claim of equitable subrogation will, therefore, be denied.

3.   Northark Holdings, LLC ("Northark") moves to dismiss, contending that there are no allegations -- other than jurisdictional allegations -- against it in the Complaint.

Plaintiffs respond that there are sufficient allegations for a claim of relief as against Northark.  They point out that they sued John Russell Meeks ("Meeks") both individually and as agent of Northark, and that many allegations link Meeks to their civil conspiracy theory.

The Court has searched the Complaint, and finds many allegations against Meeks in his capacity as an agent or employe of Chambers Bank -- and many in which no representative capacity allegations figure.  It finds none in which Meeks is alleged to have done anything in a representative capacity for Northark. Indeed, as asserted by Northark, there appear to be no allegations with regard to any conduct by Northark in the Complaint, and the

-4-

Court is persuaded that Northark is entitled to dismissal.

4. Heritage Coast Properties, LLC ("Heritage") and Bruce Millender ("Millender") move to dismiss for lack of personal jurisdiction.

In support of this motion, Millender offers an Affidavit in which he avers that he is a citizen and resident of Florida, and that he has never owned or leased any property in Arkansas; never had any office or office facilities in Arkansas; never had any employees or agents in Arkansas other than his attorney in this lawsuit; never had any banking business in Arkansas; never had any contracts with Arkansas citizens or entities; and never traveled to Arkansas until after his company sold land to Growth Group, LLC.

Millender further avers that he is the sole owner and managing member of Heritage, a Florida limited liability company, and that Heritage likewise has had no Arkansas contacts, but that it did sell land in Florida to Growth Group, LLC.

Plaintiffs respond to these contentions by asking to conduct limited discovery specifically targeted to determining the extent of these defendants' contacts with the State of Arkansas.

The Court finds that it has personal jurisdiction over these defendants, without the necessity for discovery. This case is brought pursuant to **15 U.S.C. §78j**, which makes securities fraud unlawful, and the Complaint makes allegations of securities fraud

against Millender and Heritage.[1]   Pursuant to **15 U.S.C. §78aa**, there is nationwide service of process in suits pursuant to **15 U.S.C. §78a et seq**. (the Securities Exchange Act of 1934, of which **§78j** is part).

Minimum contacts analysis is not necessary where a statute provides for nationwide service of process, because the Court's jurisdiction is coextensive with the boundaries of the United States. **Pinker v. Roche Holdings Ltd., 292 F.3d 361, 369 (3rd Cir. 2002).**  Under this statute, Millender's averments that he is a

---

[1]   Millender and Heritage are brought within the federal securities fraud allegations by several particulars of the Complaint:
   *   The Complaint alleges that in the Spring of 2005, Millender, among other defendants, represented to certain plaintiffs "their combined intention to build townhouses and condominiums on certain development property in Eastpoint, Florida."  (¶37)  These representations, combined with a site visit and various communications about the planned project allegedly persuaded plaintiffs to invest in Eastpoint Redevelopment, and their funds were then allegedly used to acquire financing to purchase the site from Millender.  (¶38)
   *   The Complaint further alleges that during another site visit on June 2, 2005, Millender, among other defendants, made representations about the planned project to other plaintiffs, including representations that because of Millender's involvement the project was on a "fast track" and regulatory hurdles had been cleared.  (¶48)
   *   The Complaint alleges various manipulations to the purchase price of the real property whereby Millender/Heritage would receive significant equity investment interest in the property in addition to the purchase price.  (¶¶49, 50, 84q)
   *   At ¶91, the Complaint alleges that plaintiffs' interests in Eastpoint Redevelopment are securities within the meaning of the Securities Exchange Act of 1934, and ¶92 alleges that Millender, among other defendants, "used means and instrumentalities of interstate commerce, including the telephone, internet, and/or U.S. mail, to employ devices, schemes, and artifices to defraud, to make untrue statements of material fact and to omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and to engage in acts, practices and a course of business which operate or would operate as a fraud or deceit in connection with the sale of the securities to Plaintiffs."
   *   ¶93 alleges that Millender, among others, was an agent of the seller and participated in fraudulent conduct regarding the sale of securities.
   *   ¶94f and ¶100f allege that defendants (it is not clear which ones) paid Millender/Heritage $4,950,000 more than the purchase price of the real property, without notice to plaintiffs;
   *   ¶¶144, 145, 146, 147, and 148 allege that Millender, Heritage, and other defendants, never intended to construct the development said to be the object of Eastpoint Redevelopment.
   *   ¶¶151 and 152 allege that Millender, among others, converted Eastpoint Redevelopment equity funds to his own use.
   *   ¶168 alleges that Millender used Heritage to perpetrate fraud on plaintiffs.

citizen of Florida and that Heritage is a Florida limited liability company are sufficient to give this Court personal jurisdiction over them, and their motion to dismiss will be denied.

5. J.Y. Massey ("Massey") and Watering Place, LLC ("Watering Place") move to dismiss, contending that plaintiffs have failed to state a claim upon which relief can be granted as to them; that plaintiffs lack standing to assert their purported claims as against them; that the asserted claims are derivative of claims that belong to Eastpoint Redevelopment; and that plaintiffs are not the real parties in interest.

These defendants assert that the Complaint makes no allegation of wrongdoing against Massey, and that its sole allegation against Watering Place is the claim in ¶114 that Watering Place received membership units in Eastpoint Redevelopment without making a capital contribution.

Plaintiffs counter that they are pursuing direct claims against these defendants for fraud and securities fraud, and participation in a civil conspiracy, not derivative claims for Eastpoint Redevelopment. They argue that these are intentional torts governed by Arkansas law.

A review of the Complaint reveals that it makes only the following allegations as to these defendants:

* ¶33 alleges that Massey is the "majority member and

managing partner" of Watering Place.

* ¶34 alleges that Watering Place is an Arkansas limited liability company organized on June 23,2005.

* ¶68 alleges that a July, 2005, Eastpoint Redevelopment membership registry showed Watering Place had an equity interest of $3,600,000, and "did not advise investors or otherwise reflect that any person or entity had been granted an interest without the contribution of funds."

* ¶84m alleges the same equity interest and further alleges that Watering Place did not contribute any funds in exchange for this interest.

* This equity interest transaction is also referenced in ¶85g, ¶100g, ¶111, ¶115.

In ordinary civil litigation, a complaint is not dismissed for failure to state a claim unless, taking all factual allegations in the complaint as true, and viewing the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no set of facts can be proven which would entitle the plaintiff to relief. **Krentz v. Robertson Fire Protection District, 228 F.3d 897, 905 (8th Cir. 2000).**

When this standard is applied to plaintiffs' claim for civil conspiracy, the Court concludes that the Complaint does state a claim for civil conspiracy. Under Arkansas law, civil conspiracy is defined as "a combination of two or more persons to accomplish

a purpose that is unlawful, or oppressive, or to accomplish some purpose, not in itself unlawful, oppressive, or immoral, but by unlawful, oppressive, or immoral means." **Heinemann v. Hallum, 365 Ark. 600, 609, 232 S.W.3d 420, 426 (Ark. 2006).** Taken as a whole, the Complaint sets forth plaintiffs' allegations that defendants, acting in concert, defrauded them of money under the guise of investment in a real estate development. The allegation that Watering Place received a significant equity interest in this development without making any capital contribution is sufficient to state a claim that Watering Place and its sole managing member were involved in the alleged conspiracy.

As to the fraud and securities fraud claims against these defendants, the result is different. When pleading fraud, **F.R.C.P. 9(b)** requires a plaintiff to "state with particularity the circumstances constituting fraud," although "[m]alice, intent, knowledge, and other conditions of a person's mind" may be "alleged generally." Even more must be alleged when pleading securities fraud under federal law. **Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).**

Under these standards, the Court finds that the Complaint fails to state a claim for fraud or securities fraud as to Massey and Watering Place. While it can be inferred that Massey and Watering Place were involved with the other defendants in the Eastpoint Redevelopment matter in a negative way, and stood to

profit by it, that is not sufficiently specific to sustain a claim of fraud or securities fraud. The motion will, therefore, be granted as to the fraud and securities fraud claims against Massey and Watering Place.

The other arguments made by these defendants (lack of standing, failure to comply with **F.R.C.P. 23.1**, and failure to bring suit in the name of the real party in interest) all relate to their claim that plaintiffs are, in effect, bringing a shareholder derivative suit. A shareholder derivative suit is one "to enforce a right that the corporation or association may properly assert." **F.R.C.P. 23.1.** The essence of plaintiffs' civil conspiracy claim is not that defendants took actions designed to harm Eastpoint Redevelopment, but rather that they used Eastpoint Redevelopment -- which appears from the allegations of the Complaint to have been nothing more than a tool of the defendants -- to harm plaintiffs. This argument is without merit, and the motion of these defendants to dismiss plaintiffs' civil conspiracy claim against them will be denied.

**IT IS THEREFORE ORDERED** that the **Motion To Dismiss** of Chambers Bank of North Arkansas and Chambers Bancshares, Inc. (document #25) is **denied.**

**IT IS FURTHER ORDERED** that **Northark Holdings, LLC Motion To Dismiss Plaintiffs' Complaint** (document #36) is **granted**, and plaintiffs' claim against Northark Holdings, LLC, is **dismissed.**

**IT IS FURTHER ORDERED** that **Separate Defendants Heritage Coast Properties, L.L.C.'s And Bruce Millender's Motion To Dismiss** (document #67) is **denied.**

**IT IS FURTHER ORDERED** that the **Motion To Dismiss Separate Defendants J.Y. Massey And Watering Place, LLC** (document #74) is **granted in part and denied in part.** The motion is **granted** insofar as it seeks dismissal of plaintiffs' claims for fraud and securities fraud against these defendants, and **denied** in all other respects.

**IT IS SO ORDERED.**

  /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**